## Olsommer's Appeal

*George T. Robinson* and *Sidney L. Krawitz,* for appellant.

*Peter J. Jurchak,* special deputy attorney general for Pennsylvania Liquor Control Board.

DAVIS, P. J., June 13, 1947.—This is an appeal by Catherine J. Olsommer from an order of the Pennsylvania Liquor Control Board refusing to grant a hotel liquor license to said appellant. The license was refused for two reasons, namely:

"1. Applicant will not be the sole bona fide owner of the business, the only person making an investment therein nor the only one who will derive profit from its operation.

"2. The husband of applicant, Joseph Olsommer, who is a joint owner of the business, is a State Forest Ranger, whose position involves the enforcement of penal laws of the Commonwealth of Pennsylvania."

An appeal from the said order was duly filed on April 17, 1947, and by agreement of counsel for the Pennsylvania Liquor Control Board and appellant, hearing was held on April 21, 1947.

The crux of the board's objection to granting the license is the alleged interest of Joseph Olsommer, husband of appellant, in the business. If the husband is interested in the hotel business for which the license is requested then in the opinion of the court the board would be justified in refusing the application for the license upon either of the grounds above set forth.

After the decision of the board and two days before the hearing before the court, appellant and her husband executed and delivered a deed for the premises in question to appellant alone, this deed having been recorded in Pike County on the date of hearing.

We appreciate that the hearing before the court is a hearing de novo and that appellant is not limited to the testimony presented before the board. However, by the transfer of the title to the property appellant has changed a very material fact that was germane to the decision of the board.

Section 404 of the Liquor Control Act, 47 PS §744-404, which grants the right of appeal to the court of

quarter sessions, does not set up the courts as independent licensing authorities.

In Shindor's Appeal, 19 D. & C. 596, 597, Judge Henry says:

"We take it that this legislation (Pennsylvania Liquor Control Act) does not set up the courts as an independent licensing authority and that the sole purpose of the appeal provided for by the Act is to prevent an arbitrary or unreasonable exercise of power or an abuse of discretion upon the part of the Liquor Control Board." Also see Appeal of Anna Esper, 2 Fayette 23, 24.

If we were to pass upon this appeal under these circumstances we would be acting as an independent licensing authority rather than as an appellate tribunal. It could not reasonably be said that we are passing on the question as to whether or not the board had arbitrarily and unreasonably exercised its power or abused its discretion when appellant in the hearing before the court elects to alter or change facts which the board may have considered material or controlling in arriving at its decision.

Therefore, we feel it our duty to refer the matter back to the Pennsylvania Liquor Control Board for further hearing in order to give appellant an opportunity to have her application heard under the changed facts.

Counsel for appellant is commended for the enlightening brief presented to the court relating to the legal status of married women in Pennsylvania at the present time.

And now, to wit, June 13, 1947, the appeal is sustained to the extent that the Pennsylvania Liquor Control Board is hereby directed to conduct an additional hearing and to determine whether or not a license should be granted to appellant, without prejudice to appellant to appeal from the final order of the Pennsylvania Liquor Control Board.